## JAS. IGLEHART *vs.* SOLOMON F. KIRWAN, Adm'r *c. t. a.* of SAMUEL J. MEEKINS.

A testator devised all his property to his wife "during her natural life, provided she does not marry again, but if she should marry, then she is to have one-third of my estate during her natural life, the balance of it to be equally divided among my children." He then bequeathed to "the creditors of J. L., deceased, a sum of money sufficient to make up their loss in his final account as passed by his executor." The testator's personal property, after payment of debts, was more than sufficient to pay the legacies to these creditors, without impairing what would have been his widow's share had he died intestate. HELD:

1st. That whether the *subsequent* bequest to these creditors be considered a revocation *pro tanto* of the *prior* one to the wife, or the whole will be considered as containing partially inconsistent dispositions of the property, they are entitled to receive their legacies *before* payment of that to the wife.

2nd. No time having been indicated in the will for the payment of any of the legacies, they are payable at the time *limited by law*, and those to the

creditors are not to be postponed, till the termination of the wife's estate in the property.

3rd. The *amount* of the legacy to each of these creditors, is the *sum* exhibited as due him by the *final account,* upon the estate of J. L., and not that sum *with interest* added from the date of the passage of that account: each legacy, however, bears interest from one year after the *testator's death.*

A will must be so construed as to give effect to every part of it, if possible, and the whole must be considered, in order to ascertain the testator's intention.

Where two clauses cannot stand together and have effect, the one posterior in local position must prevail, but it is also an invariable rule, not to disturb the prior devise, further than is absolutely necessary for the purpose of giving effect to the subsequent qualifying disposition.

APPEAL from the Orphans Court of Dorchester county.

The appellant in this case claimed the sum of $162.07, with *interest* thereon, from the 14th of September 1830, as *legatee* under the will of Samuel J. Meekins, who died in October 1854. The appellee resisted present payment of this claim, upon the grounds:—1st. That according to the true construction of the will of his testator, this legacy was not to be paid, either wholly or in part, during the life and widowhood of the testator's widow, who, it was admitted, was still living unmarried; and 2nd. That no more than the *principal* of this claim can, at any time, be demanded from his testator's estate.

The *will,* and all the facts of the case, are fully stated in the opinion of this court. The court below sustained the two objections taken by the appellee, and dismissed the appellant's petition, from which decision this appeal was taken.

The cause was argued before LE GRAND, C. J., ECCLESTON, and TUCK, J.

*Frank H. Stockett* for the appellant, argued:

1st. That the true construction of the will in question entitles the appellant to payment of his claim from the testator's estate, immediately after payment of all the testator's creditors, irrespective of the devise to his widow. 7 *Md. Rep.,* 22, *Douglas vs. Blackford.* 2 *Wms. on Excrs.,* 789, 790, 793.

1 *Burr.*, 38, *Robinson vs. Robinson.* 2 *Do.*, 912, *Strong vs. Teatt.* 1 *East.*, 229, *Doe vs. Cooper.* 4 *Barn. & Cres.*, 610, *Doe vs. Harvey.* 6 *Ves.*, 130, *Whitmore vs. Trelawny.* 1 *Ball & Beatty*, 466, *Crone vs. Odell.* 1 *Md. Ch. Dec.*, 300, *Thomas vs. Wood.* 2 *Do.*, 254, *Chew vs. Farmers Bank.* 4 *Do.*, 484, *Mayo vs. Bland.* 4 *H. & J.*, 480, *Coomes vs. Clements.*

2nd. That this bequest in favor of the appellant, in the very terms of it, carries interest on this sum of money, from the date of the passage of the final account upon Linthicum's estate.

*Daniel M. Henry* for the appellee argued:

1st. That to ascertain the intention of the testator the whole will must be considered, and force and effect given, if possible, to every part, and the whole so construed as to reconcile and harmonize the separate clauses, if it can be done. 7 *Md. Rep.*, 8, *Douglas vs. Blackford.* *Wms. on Excrs*, 714, 715. Under the second clause of this will the testator bequeaths to the creditors of John Linthicum general pecuniary legacies *only*; the provision in their favor is voluntary on his part, and the appellant sets forth his claim merely as legatee. In the first clause of the will the testator devises and bequeaths the whole of his estate to his widow, during her life and widowhood. The two clauses can *only* be reconciled and have full effect by postponing the payment of the legacies to these creditors, until the termination of the estate of the widow in the property. To order their payment at this time would restrict her to the enjoyment of the *residue* of the testator's property, when he has expressly declared it to be his intention that she should have the benefit of the *whole* of it during her life and widowhood. *Wms. on Excrs.*, 714. *Cro. Eliz.*, 9. 2 *Roper on Legacies*, 331. 9 *Mod.*, 93, *Burdett vs. Young.*

2nd. That if this construction were doubtful the intendment must be in favor of the widow, who takes as a *purchaser for a fair consideration*, whilst these creditors are volunteers as to the testator. *Act of* 1798, *ch.* 101, *sub-ch.*

13, *sec.* 5.   10 *G. & J.*, 113, *Gibson vs. McCormick.*  1
*Md. Ch. Dec.*, 297, *Thomas vs. Wood.*  2 *Do.*, 232, *Chew
vs. Farmers Bank.*  4 *Do.*, 484, *Mayo vs. Bland.   Wms.
on Excrs.*, 839, 840.  Bequests to a widow do not abate in
favor of general legatees, and upon the same principle such
legatees should not be allowed a priority of payment in point
of time.

3rd.  That in the absence of any express provision in the
will, the law will not allow interest on these legacies, except
from the time at which they became payable.  1 *H. & J.*,
227, *Scott vs. Dorsey.   Wms. on Excrs.*, 877.  2 *Roper on
Legacies*, 188, 190.  2 *Atk.*, 112, *Roberts vs. Kuffin.*  In-
terest is not recoverable, of right, in all cases of actual indebt-
edness.  7 *H. & J.*, 417, *Newson vs. Douglass.*  3 *G. &
J.*, 103, *Fridge vs. The State.*

4th.  That the intention of the testator, as expressed in his
will, determines the amount to be paid to the creditors of
Linthicum.  He bequeaths them a sum "sufficient to make
up their loss in his final account," without directing the pay-
ment of any interest, but on the contrary expressly limiting
and restricting the amount of their legacies to their loss, as
exhibited *in* the final account referred to.  Their loss is thus
ascertained and fixed by the testator himself, and cannot bear
interest as against him or his estate, by operation of law, be-
cause he was never bound to make it up.  The debts of
Linthicum were not his debts, and the provision which he
made for them was a gratuity on his part.  It may be that
these creditors, or some of them, have been paid in full since
the passing of the final account.  Whether they have been
paid or not, they are entitled to legacies, under the will, equal
in amount to the loss apparently sustained by them, but if
they have been paid subsequently, their loss at this time can-
not be measured or determined by calculating interest from
the date of the account on the unpaid balances which it ex-
hibits in their favor.  Nor can it be said that they have, in
fact, actually lost interest, because if the estate of Linthicum
had been solvent, and they had been paid these balances at
the date of the account, it does not necessarily follow, that

they would have invested them so as to bear interest. The language used by the testator has no meaning either legal or ordinary, from which it can be inferred that he intended to bequeath interest, as claimed by the appellant.

Tuck, J., delivered the opinion of this court.

Samuel J. Meekins disposed of his property, by will, in the following words: "I give and bequeath all my real, personal and mixed property to my beloved wife, Eliza Caroline Meekins, during her natural life, provided she does not marry again, but if she should marry again then she is to have one-third of my estate during her natural life, the balance of it to be equally divided among my children. *Item.* I give and bequeath unto the creditors of John Linthicum, late of Anne Arundel county, Maryland, deceased, a sum of money sufficient to make up their loss in his final account, as passed by Dr. Wilson Waters, his executor." The appellant filed his petition in the orphans court, showing himself to have been one of these creditors, in which he claimed the balance due him by the estate of John Linthicum, and interest thereon from 1830, when the distribution of that estate was made among his creditors. By an amendment of the record it appears, that the testator's property, after paying debts and charges of administration, amounts to a sum more than sufficient to pay the legacies to Linthicum's creditors, without impairing what would have been his wife's share of his estate, if he had died intestate. We are, therefore, relieved from the duty of passing upon the argument of the appellee's counsel as to the wife's being a purchaser, for a valuable consideration, of what she may take under the will. The questions before us are:—1st, as to the time of payment of the legacies to Linthicum's creditors; and 2d, whether they are entitled to receive only the amounts due by the final account on his estate, or those sums with interest from the time of its passage?

We must so construe this will as to give effect to every part of it, if we can, and the whole must be considered in order to ascertain the testator's intention. The two clauses or *items* of the will are plain enough when read separately. But when

compared there is a partial contradiction, because the last cannot be gratified without taking so much from those provided for by the first clause. In cases of repugnancy where the clauses cannot stand together, and have effect, it has become an established rule, that the gift which is posterior in local position shall prevail, the subsequent words being considered as denoting a subsequent intention. But it is, also, an invariable rule, not to disturb the prior devise further than is absolutely necessary for the purpose of giving effect to the posterior qualifying disposition. 1 *Jarman on Wills,* 411, 414. According to this principle, the last bequest in this will must be taken as a revocation *pro tanto* of the first.

This conclusion we take to be warranted by the principle of several adjudged cases. In *Croke Eliz.,* 9, *Case No.* 2, *Anderson, Ch. J.,* said, "that, if one devise land to J. S. in fee, and after, by the same will, devise that land to J. D. for life, both parts of the will shall stand, and, in construction of law, the devise to J. D. shall be first."

In *Sayer vs. Sayer, Prec. Chy.,* 393, *Ward on Legacies,* 378, the Lord Chancellor, in pronouncing the decree said: "But the case may so happen that a specific legacy shall be chargeable with the payment of a pecuniary legacy, as in this case, after he had devised his personal estate in Wamsted, if he had likewise devised his personal estate at such another place, and then devised 300£ *out his personal estate,* and died, leaving no other personal estate than in the two places before mentioned, this 300£ legacy must have come out of his personal estate at large, in both places." Now, the case put by the Lord Chancellor is like the one before us, with the exception of the words italicized. In both wills the whole estate is parted with, and afterwards, pecuniary legacies given to other persons. We do not perceive that the words, "out of his personal estate," can give effect to the last legacy in one case, and that it must fail in the other, or be postponed for the want of such words. If they had not been inserted, the legacy, if paid at all, must have been satisfied out of the estate previously bequeathed, because there was no other fund wherewith it could be satisfied, and the same is the state of things here.

In *Ridout vs. Dowding*, 1 *Atk.*, 419, *Lord Ch. Hardwicke* thus states the case: "A testator in the first part of a will gives his wife an estate for life in particular lands, and in the latter part creates a term for years, to take place from the day of his death, in trust for raising sums of money to discharge his debts, in such manner as the wife should direct. The question is, whether the wife is entitled to have her estate for life discharged of the term. Notwithstanding the testator has, in the outset of his will, given her an estate for life, yet I am of opinion the term, though subsequent, shall take place of the wife's estate for life. It is immaterial how a testator places the several devises in a will, because the whole must be construed together, so as to make it consistent." In the case of *Ulrich vs. Litchfield*, 2 *Atk.*, 372, this rule of construction was applied with more strictness, the Lord Chancellor being of opinion, on the particular terms of the will, "that the testator had made an alteration in her intention throughout," and that the party claiming under the first clause was entitled to nothing. But he remarked, "it is truly said that a man may give the whole in a former part, and qualify it afterwards, and still the first legatee is entitled in part."

In 1 *Jarman*, 416, this case is stated, "where a testator, after devising the whole of his estate to A, devises Blackacre to B, the latter devise will be read as an exception out of the first, as if he had said, I give Blackacre to B, and, subject thereto, all my estate or the residue of my estate to A," for which reference is made to *Cuthbert vs. Lempriere*, 3 *M. & S.*, 158. Upon examining that case we do not find the decision stated in these terms, but it does support the doctrine of the cases above mentioned.

And in *Blamire vs. Geldart*, 16 *Ves.*, 314, *Sir William Grant*, in deciding upon a will with contradictory clauses, says: "In a will it is not material in what order the clauses are arranged. The question is, what is the effect upon the whole. This testator begins by giving to G. P. the stock at the death of his wife, and then gives to his wife the whole of his property. Consequently, she has a life interest in that stock so given to G. P. at her death, for it is part of the property not anteced-

ently disposed of. Thus the will, no matter in what order, divides the fund between these two persons, giving to one the interest for life, and to the other the capital at her decease.''

It results, therefore, according to these cases, that whether the bequest, to the creditors of Linthicum, was intended as a revocation *pro tanto* of the first clause of the will, or the whole be considered as containing partially inconsistent dispositions of the property, the appellant is entitled to receive the amount of his legacy, that is, his claim against Linthicum, before payment of the wife's legacy. And as the testator has not indicated a time for the payment of any of the legacies, they are payable at the time limited by law.

If Linthicum's creditors are not to receive the amounts due them by his estate, and bequeathed to them by this will as general pecuniary legacies, according to this construction, it may be asked, when are they to be paid? The appellee's counsel answers, at the termination of the wife's estate. But this answer suggests other inquiries. Suppose she marries again, and thereby reduces her life estate in the whole property to an estate for life in one-third, the other two-thirds becoming the property of the testator's children, out of whose share will the appellant be paid? Will the wife take her third, as a legatee purchaser, clear of the claims of Linthicum's creditors, throwing this burden on the children, or will she and they be required to contribute for their satisfaction? They are not provided for under the first clause in either contingency. In both the whole estate goes to others. To the wife for life, if she does not marry, and to his children, as heirs at law and distributees of the reversion after her life estate; or, if she does marry again, to her and the children in the proportion of one and two-thirds. And, in the last contingency, could these legatees, Linthicum's creditors, claim to be paid until the death of Mrs. Meekins, at which time the children would become entitled to the third left to her?

According to the argument they are not to be paid to the prejudice of the widow, *that is*, as long as she may live, if any thing is to be taken from her share for their satisfaction. It might happen, therefore, that they would receive no part of

their legacies until her death, whether she married or not. Upon this hypothesis, the children might contend, that inasmuch as their father had postponed these stranger legatees to the death of his wife, if she did not marry, at which time only they would receive any part of his estate, so the same construction should obtain in the event of her marrying, whereby they could not be called on for payment of the legacies, until, as in the former contingency, they had succeeded to the whole estate.

Now we do not suppose that the testator contemplated, that the time of satisfying these creditors should depend on any such contingencies. Even if he had intended to postpone them, until the expiration of the wife's life estate in the whole property, in case she did not marry, it is reasonable to suppose, that he would have indicated how they should be paid, that is, out of whose portions of the property in the event of her marrying, when the estate was to be divided between her and the children. Looking to the whole will and the uncertainties resulting from any other construction, we think that the testator intended to pay the debts of John Linthicum, and that his wife and children should enjoy the residue, as provided in the first clause of his will.

As to the *second* question. The appellant claims that the amount of his legacy, as one of John Linthicum's creditors, is to be ascertained by adding to the sum appearing to be due to him by the final account on his estate passed in 1830, interest on that sum from that time, whereas the appellee insists, that the sum due by the final account, that is $162.07, without interest from 1830, must be taken as the sum bequeathed to the appellant. In this latter view we concur. The intent of the will was to give to the creditors of Linthicum such sum, in the aggregate, as would make up their loss, that is, the amount left unpaid by his estate, and the means of ascertaining this, was to be the final account of his administrator. Whatever, therefore, that exhibits as the balances due them, must be taken as the legacy to each. This is the criterion furnished by the testator himself, and the appellant cannot demand any thing beyond that sum as his legacy, which,

however, will carry interest at the end of one year after the testator's death, according to the general rule, where the time of payment is not mentioned in the will.   *Crain, & al., vs. Barnes, & al.,* 1 *Md. Ch. Dec.,* 151, affirmed in 8 *Gill,* 391.

*Order reversed and cause remanded,*

*with costs to the appellant.*