(Decided 4th May, 1883.)

---

## FANNIE G. E. HALSTEAD *vs.* JULIUS C. HALL.

*Construction of a Devise—Children and Grand-children.*

A testatrix devised and bequeathed the rest and residue of her estate, real and personal, to H. G. "for her own use during her life;" and at her death to W. H. G., "to descend to his female children and grand-children, and to their heirs forever." H. G. and W. H. G. died before the testatrix. HELD:

1st. That the devise was to G. for life, remainder to W. H. G. for life, with remainder in fee to his female children and grand-children.

Halstead *vs.* Hall.

2nd. That the words " children and grand-children " were not words of limitation.

3rd. That the devise.meant that only the grand-children, whose parents were dead, should take with the living children.

4th. That a grand-daughter of W. H. G. could take no interest or estate whatever under the devise, during the life of her mother.

APPEAL from the Circuit Court for Anne Arundel County.

This was an action of ejectment, brought by the appellant on the 13th of September, 1881, to recover from the appellee one undivided fourth part of a lot of ground, and the improvements thereon, situated at the intersection of Cornhill street and Market Space, in the City of Annapolis, and also for mesne profits, by way of damages for the detention of the said property from the plaintiff. To the declaration the defendant pleaded "not guilty." At April Term, 1882, the case, by agreement of the parties, was submitted to, and tried before, the Circuit Court, on an agreed statement of facts, and judgment was rendered for the defendant. The case is further stated in the opinion of the Court. The plaintiff appealed.

The cause was argued before ROBINSON, YELLOTT, STONE, IRVING, and RITCHIE, J.

*John Ireland,* and *William H. Tuck,* for the appellant.

*Frank H. Stockett,* for the appellee.

RITCHIE, J., delivered the opinion of the Court.

The determination of this appeal depends upon the construction to be given the following clause in the will of Mrs. Ann Lamden, under which the appellant claims to be entitled to an undivided one-fourth in the premises sued for :

"I will and bequeath unto my aunt, Miss Harriet Goldsmith, all the rest and residue of my estate, real and personal, for her own use during her life; at her death, I will and bequeath it to my cousin, Captain William Henry Gardner, to descend to his female children and grandchildren, and to their heirs forever."

The will was made in 1848, and the testatrix died in 1872. Both Miss Harriet Goldsmith and Captain William Henry Gardner died before the testatrix; the latter in 1871, and intestate, leaving two daughters, Mrs. Fannie A. Halstead and Mrs. McKnight, and two grand-daughters. to wit, Fannie F. Gardner, a daughter of Farragut Gardner, son of said Captain Gardner, who died in 1859, and the present plaintiff, born in the life-time of Captain Gardner, who is the daughter of the said Mrs. Fannie A. Halstead, who is still alive.

Upon these facts, the appellant submitted a prayer, the substance of which is, that she took under the will an undivided one-fourth in the premises with her mother, Mrs. McKnight and Miss Gardner, they taking the other three-fourths, respectively. This prayer was rejected.

The appellee offered three prayers; the first submitting that under the said devise Captain Gardner took a vested estate in fee in the remainder in the real estate, the subject of the suit, which on the death of the testatrix descended to his heirs-at-law, of whom the plaintiff is not one, and, therefore, not entitled to recover; the second, that Captain Gardner took an estate tail female general in the real estate mentioned, which on the death of the testatrix, under the statute law of this State, descended to his heirs-at-law, of which the plaintiff is not one, and, therefore, is not entitled to recover. Both these prayers were rejected.

His third prayer contains the proposition that the plaintiff took no interest in or claim to the real estate in suit, under said devise, because her mother, the said Mrs. Hal-

stead, one of the daughters of said Captain Gardner, was living at the time of the death of the said testatrix, and is still alive. This prayer was granted.

The case having been submitted to and tried by the Court, the finding and judgment were for the defendant.

After full consideration of the clause in the will of Mrs. Lamden, before us for construction, we have reached the conclusion that the devise is to Miss Goldsmith for life, remainder to Captain Gardner for life, with remainder in fee to his female children and grand-children.

That Captain Gardner did not take the fee, or an estate tail, as contended for by the appellee, seems clear from the explicit declaration of the testatrix, that the property first given to Miss Goldsmith for life, and at her death to Captain Gardner, is "to *descend* to his female *children and grand-children,* and to *their* heirs forever." She uses the terms *children* and *grand-children,* and not the term *heirs,* words which are, in their usual sense, words of *purchase* and not of *limitation,* and are to be always so regarded unless the testator has unmistakably used them otherwise, which is not the case here. *Stump, et al. vs. Jordan, et al.,* 54 *Md.,* 631 ; *In re Sanders, and others,* 4 *Paige's C.,* 293; 2 *Wash. on Real Prop.,* (*4th Ed.,*) 603.

That these words were not employed as words of limitation is further apparent because the words to carry the fee—" their heirs forever "—are explicitly grafted on the estate to descend to the children and grand-children, and do not relate or apply to the interest devised to Captain Gardner. In *Shreve, et al. vs. Shreve, et al.,* 43 *Md.,* 399, even the words "heirs and assigns forever," were held not to operate as words of limitation because corrected or explained by words which followed that were irreconcilable with the notion of descent. In this case no apt words, nor, indeed, any whatever are employed to indicate an absolute estate in Captain Gardner, but are expressly reserved to describe that devised to the children and grand-

children.    See Lord BROUGHAM in *Fethuston vs. Fethus-ston*, 3 *Clark & Finnelly*, 75.    The use of so technical a word as " heir," in a will may be shown to have been used in another than its legal sense.    *Doe d. Winter vs. Perratt*, 7 *Scott, N. R.*, 26, 45, 61.

That no absolute estate or interest was taken by Captain Gardner, in contemplation of the statute of 1825, chap. 119, (*Art.* 49, *sec.* 8, *Rev. Code*,) is evident, because it does "appear" from the context of the will, that " a less estate or interest" was devised to him; in the absence of which condition only the statute has application.

The use of the word "descend," taken in connection with the rest of the language of the devise, from all of which the intent of the testatrix is to be gathered, cannot be understood as meant to vest the fee, or create an estate tail in Captain Gardner, because inconsistent with the general intent to vest it, subject to the life interests mentioned, in his children and grand-children, to do which apt and legal terms are employed.

The use of the word "descend" has, however, a material bearing in determining whether the term " grand-children" was intended to embrace the children of the living children of Captain Gardner, as well as of the dead.    If the child of a *living* daughter was intended to take, then the plaintiff is included in the term "grand-children," and is entitled to maintain her action.    But if not, she was properly non-suited.

The use of the word "descend" in a will, it is said in *Dennett vs. Dennett*, 40 *N. H.*, 498, does not operate to work a descent in the legal, strict sense of the term, as inheritance is through operation of law; its employment, therefore, unless some other meaning is apparent, is to be taken as indicating the desire of the testator that his property shall follow the same channel into which the law would direct it.    Giving it this effect in the present case, which seems to be a reasonable construction, in endeavor-

ing, as we should do, to make all the language of the testatrix operative, the devise can only mean that the grandchildren only whose parents are dead, shall take with the living children. For only in case of the death of its parent can the grand-child become the heir-at-law of its grand-father, and take from him by descent. Property cannot "descend" from a grand-parent to a grand-child whose parents are living.

And attributing this as the sense of the word in which the testatrix used it, this meaning comports with what would seem to have been the natural and probable intention of Mrs. Lamden; for even had she not adopted the word "descend," or it should be regarded as used in a popular sense of no higher import than to "pass" or to "go," we should still consider it a reasonable construction of her will, that in speaking of grand-children she had in contemplation only those whose parents were dead. She evidently intended that upon the death of Captain Gardner, his heirs should become the absolute owners of her estate, subject only to the restriction that they should be of the female sex; and it would be in conflict with this general mode of disposition to suppose she intended when specifying the daughters as those who were to share in the general division of her estate, that she intended the daughters of these daughters to share also independently of their mothers. No discrimination having been indicated as between the daughters, and they apparently being regarded with the same favor as objects of her bounty, it would not be in harmony with this attitude of the testatrix towards them and her property, to adopt a construction which would result in giving to one branch of Captain Gardner's family twice as much as either of the others would receive. No such unequal division of her property seems to have been contemplated. She evidently meant those grand-children of Captain Gardner whose parents should be dead.

Upon what seems to us to be the true and reasonable interpretation of the will, the mother of the plaintiff, (who was entitled to and has received her share under the will, as one of the two female children of Captain Gardner,) being alive at the time of the decease of the testatrix, and being in fact still alive, the plaintiff took no interest or estate whatever under the said devise of the said Mrs. Lamden.

As we concur in the rulings of the Circuit Court, it follows that in our opinion the judgment below was properly rendered for the defendant.

*Judgment affirmed.*

(Decided 4th May, 1883.)