PATRICK KEANEY, WILLIAM F. DOYLE, administrator of ANNIE DOYLE, and others *vs.* THOMAS KEANEY, and others.

*Will—Construction—Estate devised.*

A testator devised as follows: "To my wife B. K., I will and bequeath the house south-east corner of Leadenhall and West, also

the house 197 Johnson street; who is to receive the rents during her life, of those two houses. After her death, the Leadenhall house is to go to my son Frank. In case of Frank's death, the property is to be divided among the next heirs." HELD:

That the wife took only a life estate in the two houses bequeathed to her, while the son took an absolute estate in the Leadenhall house, and the Johnson street house, after the death of the life-tenant, the wife, would go to the heirs of the testator.

APPEAL from the Circuit Court of Baltimore City.

A bill was filed by Thomas Keaney and others, against Patrick Keaney and others, to obtain a construction of the will of Michael Keaney, deceased. The will is as follows:

"In the name of God. Amen! I, Michael Keaney of the City of Baltimore and State of Maryland, of sound mind, but fearing death, do make this my last will and testament: First, I bequeath to my son Thomas Keaney, the house on the rear of 380 South Charles street, and on Goodman's alley. I will that this house shall be his during his life and afterwards redound to his next heirs, in perpetuity. In connection with this house there is an alley which is to be used in common between Charles and Goodman's alley. To my daughter Margaret I will and bequeath the house 380 South Charles street. To my wife, Bridget Keaney, I will and bequeath the house south-east corner of Leadenhall and West; also the house 197 Johnson street, who is to receive the rents during her life of those two houses. After her death the Leadenhall house is to go to my son Frank. In case of Frank's death, the property is to be divided among the next heirs. I appoint Michael Cullen my executor." The Circuit Court, (DENNIS, J.,) entered a *pro forma* decree adjudging that the testator's son, Thomas, took the house and lot on Goodman's alley, absolutely, free of any remainder or limitation, and that the house and lot No. 380 South Charles street,

passed absolutely to his daughter Margaret Flynn; that the testator's wife, Bridget took a life estate in the property at the corner of Leadenhall and West streets, which after her death passed absolutely to his son Frank; and that the Johnson street property passed absolutely to his wife, Bridget. From this decree the defendants appealed.

The cause was argued before ALVEY, C. J., STONE, ROBINSON, IRVING, and McSHERRY, J.

*James McColgan,* for the appellants.

*Thomas A. Whelan,* for the appellees.

STONE, J., delivered the opinion of the Court.

This is an amicable suit to ascertain the true construction of the will of Michael Keaney. The will is very short, and evidently drawn by a person entirely unaccustomed to such business. The will will be found set out in the statement of the case. In the will the testator uses these expressions:

"To my wife Bridget Keaney, I will and bequeath the house south-east corner of Leadenhall and West; also the house 197 Johnson street, *who is to receive the rents during her life of those two houses.* After her death the Leadenhall house is to go to my son, Frank. In case of Frank's death, the property is to be divided among the next heirs."

The first question that arises, is, what estate did Bridget Keaney take in the two houses bequeathed to her? We think it quite clear that she only took a life estate. The idea, although awkwardly expressed, was to give her the rents of these two houses for her life. It is absolutely certain that she only had a life estate in the Leadenhall house, because after her death the

remainder in that house was bequeathed to his son, Frank. The same words are used in reference to both houses, except that he did not dispose of the Johnson street house after the death of his wife. The testator may have inadvertently omitted to dispose of the remainder in the Johnson street house. But whether he did or not, we think the words used by the testator that his wife was "to receive the rents during her life of those two houses." clearly indicate that he intended her to take only a life estate in these two houses.

The next question is what estate does Frank take in the Leadenhall house. "In case of Frank's death the property is to be divided among the next heirs." Whether the testator meant the next heirs of his son, Frank, or the next heirs of himself, cannot be gathered from the expressions there used, and there is nothing in any other part of the will that will throw any light upon it. If the expression, "In case of Frank's death the property is to be divided among the next heirs" was stricken from the will, Frank, under our law, would certainly take a fee or absolute estate. The devise over in this case is so ambiguous and uncertain, that it should not be allowed to control the prior devise, but the subsequent expressions should be rejected. 2 *Jarman on Wills*, 54, (5*th Am. Ed.*) We think, therefore, that Frank took an absolute estate in the Leadenhall house. The Johnson street house, after the death of the life tenant, Mrs. Keaney, will go to the heirs of the testator.

There seems to be no serious contention as to any other portion of the decree of the Court below. The decree will therefore be reversed, and the cause remanded, that the decree of the Court below may be made in conformity with this opinion.

*Decree reversed, and*
*cause remanded.*

(Decided 5th February, 1890.)