## MARIA F. PATTISON

### *vs.*

## JOHN A. FARLEY.

*Wills: construction; intention; repugnancy between prior and subsequent clauses; latter to prevail.*

The first and principal object in the construction of a will is to ascertain the intention of the testator, which is to be found from the language of the whole will, and is then to be carried out, provided it be consistent with the settled canons of construction and does not conflict with the well established rules of law and property.                                    pp. 410-411

If a testator in one part of his will gives to a person an estate of inheritance in land or an absolute interest in personalty, and in subsequent passages shows unequivocally that he means the devisee or legatee to take a life interest only, the prior gift should be restricted accordingly.                                    p. 411

In cases of repugnancy, where the clauses of a will can not stand together and have effect, the rule is that the gift which is posterior in local position shall prevail, the subsequent words being construed as denoting a subsequent change of intention.
                                    p. 411

Where it is clear that a testator by the disposition of his will intends to create a life estate only, the mere fact that such a construction will result in an intestacy as to the residue of the estate is no reason for holding the devise to be in fee.    p. 412

*Decided March 13th, 1917.*

Appeal from the Circuit Court for Howard County. In Equity.  (Forsythe, Jr., J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Burke, Pattison, Urner and Constable, JJ.

*Clarence W. Perkins,* for the appellant.

*John A. Farley* (with whom was *Jas. Clark* on the brief), for the appellee.

Briscoe, J., delivered the opinion of the Court.

The appeal in this case is taken from a decree of the Circuit Court for Howard County passed on the 19th day of December, 1916, dismissing the plaintiff's bill of complaint for the specific performance of a contract of sale of real estate, between the plaintiff and defendant, situate in Howard County, for the sum of ten thousand dollars.

The primary object of the proceeding was to obtain a construction of the last will and testament of Martin L. Pattison, late of Howard County, deceased.

Under and by virtue of the testator's will, the vendor, his widow, claims that she took an absolute estate in fee simple, in the property in question.

The defendant contends that she acquired under her husband's will an estate for life, without a power of sale, and was unable to convey to him a fee simple title to the real estate as by the terms of purchase she had contracted to do. He, therefore, declined to accept the deed and to comply with the terms of the contract by the payment of the purchase money.

Mr. Pattison, the testator, died on the 15th day of March, 1915, seized and possessed of the tract of land in question.

His will was duly admitted to probate by the Orphans' Court of Howard County on the 18th day of May, 1915.

The testator left surviving him a widow, the plaintiff below, and the appellant in this Court, and so far as the record shows, he left no children. By the will he devised and bequeathed all of his property and effects of every kind, real and personal in the following manner:

> Item 2.   I give, devise and bequeath absolutely unto my beloved wife, Maria F. Pattison, all the estate, both real and personal, with which it has pleased God to bless me, consisting of lands, houses, farming implements, wagons, carriages, horses, cows, sheep, hogs, etc., everything that may be in my possession or belonging to my estate at the time of my decease, I give to my beloved wife, aforesaid, and her assigns during the term of her natural life, together with all the appurtenances to the said estate belonging, to have and to hold the said estate in her own absolute right for life."

The will it will be seen is a short one and contains but three items. The first provides for the payment of the testator's debts and funeral expenses; the second disposes of his estate, real and personal, and the third names his wife as sole executrix to serve without bond.

The sole question in the case is, does the widow of the testator take an estate in fee under the will or only an estate for life, in the property in question. If she took a fee simple estate then it is conceded, that the contract of sale is valid and must be specifically enforced and the purchaser of the property will be required to comply with its terms. If she took only a life estate the Court below was clearly right in dismissing the plaintiff's bill, and its order will have to be affirmed.

The first and principal object in the construction of wills is to ascertain the intention of the testator from the language of the whole will and then to give and carry into effect that

intention if consistent with the settled canons of construction and not in conflict with the well established rules of law and property.

In this case the intent of the testator clearly appears upon the face of the will itself, and from the words used by the testator in the last part of the second item of the will. The use of the language, "I give to my beloved wife, aforesaid, and her assigns during the term of her natural life, together with all the appurtenances to the said estate belonging, to have and to hold the said estate in her own absolute right for life" clearly indicates the character of the estate the testator had in view and desired his wife to take under the will. While the testator in the first part of the second item of the will used the word "absolutely," he in a subsequent part of the same section of the will repeatedly limited and restricted the devise to a life estate only, by the use of the expressions during "the term of her natural life" and "in her own absolute right for life."

In 1 *Jarman on Wills*, 412, it is said, that it has become an established rule in the construction of wills, that if a testator in one part of his will gives to a person an estate of inheritance in lands or an absolute interest in personalty and in subsequent passages unequivocally shows that he means the devisee or legatee to take a life interest only, the prior gift is restricted accordingly.

In *Iglehart* v. *Kirwan,* 10 Md. 559, this Court said, in cases of repugnancy where the clauses can not stand together and have effect, it has become an established rule, that the gift which is posterior in local position shall prevail, the subsequent words being considered as denoting a subsequent intention. *Hollins* v. *Coonan,* 9 Gill, 62; *Manning* v. *Thruston,* 59 Md. 218; *Welsh* v. *Gist,* 101 Md. 610; 40 *Cyc.* 1416-1417.

The Act of 1825, Chapter 119, codified as 327 of Article 93 of the Code, and the recent case of *Johns Hopkins University* v. *Garrett,* 128 Md. 346, relied upon by the ap-

pellant can have no application to the will here under construction, because it appears from the clear language of the will itself, that the testator intended to devise a life estate only and not the entire and absolute estate and interest of the testator in the property. *Hammond* v. *Hammond,* 8 G. & J. 436; *Fairfax* v. *Brown,* 60 Md. 50; *Nowland* v. *Welch,* 88 Md. 49; *Rizer* v. *Perry,* 58 Md. 112.

While the construction we have placed upon this will will result in an intestacy at the death of the widow, Mrs. Pattison, yet it was clearly within the power of the testator to bequeath to his wife a life estate, and to refrain from making any disposition of the fee, leaving it to go to his heirs at law and distributees under the statute. 40 *Cyc.* 1624; *Keaney* v. *Keaney,* 72 Md. 41; *Bourke* v. *Boone,* 94 Md. 472; *Lyon* v. *Safe Deposit Co.,* 120 Md. 525.

There being no error in the decree dismissing the plaintiff's bill of complaint, and as we concur in the conclusion reached by the Court below, that Mrs. Pattison took a life estate only, and not an absolute estate, in fee, under her husband's will, the decree will be affirmed.

*Decree affirmed, with costs.*