# IDA R. SHIPLEY *vs.* THE MERCANTILE TRUST and DEPOSIT COMPANY, Trustee, et. al.

*Extrinsic Evidence in the Construction of a Will—Competency of Witness—Gift to Widow of Dower and Thirds in Residuary Estate—Direction for Valuation of the Estate by Agreement between Widow and Testamentary Trustee—When Land may be Sold Discharged from Dower—Waver of Right to Have Dower Assigned.*

Evidence of declarations of a testator as to the meaning of the words used by him in his will is not admissible to aid or control in its construction when the will is in itself free from ambiguity or uncertainty.

Under Code, Art 35, sec. 3, in a proceeding by or against executors, devisees or legatees of a testator, his widow and legatee is not a competent witness to testify as to statements made by the testator as to the meaning of words used in his will.

When a testator gives to his wife "dower and thirds" in the residue of his estate, the words are to be construed in their ordinary technical meaning, and the wife takes a life estate in one-third of the residuary real estate and one-third, absolutely, of the residuary personal property.

A testator devised and bequeathed equal shares of the rest and residue of his estate to his seven children, to three of them directly and to a trustee for the other four, and declared that each share shall be "subject to the dower and thirds of my wife in said rest, residue and remainder." The will further provided that if the testator's wife should be willing to capitalize·and convert her dower and thirds and receive the value thereof according to the standard of Courts of equity then the trustee was authorized to agree with her for such capitalization, and set apart to her property equal to the agreed capitalization of her dower and thirds. Upon a bill for the administration of the trust in a

Court of equity, and for a division of the residue of testator's estate, the widow consented to the assumption of jurisdiction and declared her willingness to free the residue of the estate from her dower right after an agreement with her as to the capitalization and as to the construction of the devise to her. *Held*, that it was the intention of the testator that if his widow should consent to the conversion of her dower, either before or after the division of the estate, upon a valuation agreed upon by her and the trustee, then she should be entitled to receive as her absolute property, in lieu of dower in the real estate, not more than one-seventh nor less than one-tenth of the value of the real estate, according to her age, health and condition, payable in money or in property at an agreed valuation, and that she should be entitled to re-receive in satisfaction of her one-third in the personal property, one-third in value thereof, payable in money or in property; and that for the purpose of effecting such conversion, the trustee should have the power under a decree to sell any of the property of the testator free from the widow's claim to dower and thirds therein.

*Held*, further, that if there be no agreement with the widow as to the value of the property as a basis for capitalization, then the Court has no power to direct a sale of the land free from her dower, since neither her consent to the assumption of jurisdiction over the administration of the trust, nor her declaration of willingness to free the residue from her dower after the construction of the words dower and thirds, can be regarded as a waiver of her right to have her dower assigned, but in case of a failure to agree there must be an assignment of her dower to the widow.

When a widow is entitled to dower in land a Court of equity has no power without her consent to direct a sale of the land free from her dower and the payment to her of a sum of money from the proceeds in lieu thereof, but she is entitled to an assignment of dower in the land.

Appeal from the Circuit Court of Baltimore City (HARLAN, C. J.)

The cause was argued before McSHERRY, C. J., BOYD, PEARCE, SCHMUCKER and BURKE, JJ.

*Wm. Pinkney Whyte*, for the appellant.

*D. K. Este Fisher*, for the Mercantile Trust Co., appellee.

*Thomas G, Hayes*, for Shiebler *et al.*, appellees.

*A. Morris Tyson* filed a brief for J. L. Shipley *et al.*

PEARCE, J., delivered the opinion of the Court.

The record in this case is accompanied by numerous and elaborate briefs in behalf of the various parties in interest, but the principal question presented is a narrow one. The case originated in a bill filed in the Circuit Court of Baltimore City by the Mercantile Trust and Deposit Company of Baltimore, as trustee under the last will and testament of Charles Shipley, deceased, and by Stephen George Shipley, one of the beneficiaries under said will, against Ida R. Shipley, widow of Charles Shipley, in her individual capacity, and as executrix of the said Charles Shipley, and also against numerous other parties, beneficiaries under said will, praying the Court to assume jurisdiction over the administration of the trusts created by the will, and over the exercise of the powers conferred thereby upon the Marcantile Trust and Deposit Company of Baltimore as trustee under said will, and particularly over the division of the rest and residue of the estate of said Charles Shipley, and to direct said trustee in the execution of said trusts and powers.

The will and the three codicils thereto are very voluminous, covering fourteen pages of the printed record, and disposing of a large estate—but it will be sufficient for the purposes of this case, to say, that after making certain bequests and devises which are not drawn in question here, the testator devised and bequeathed all the rest, residue and remainder of his estate to the said Mercantile Trust and Deposit Company in trust to divide the same equally into as many shares as he should have children living at his death, and children deceased, leaving issue at his death, such issue to represent *per stirpes* the shares of their deceased parents, and to facilitate such division, authorized said trustee to sell such parts of said rest, residue and remainder as it should deem necessary to effect such division. He further directed that one of these equal shares should be conveyed and transferred by said trustee, "free and discharged from the trust (but subject to the dower and thirds of my said wife in said rest, residue and remainder which said dower and thirds, as also like dower and thirds in all the other shares I hereby give, devise and be-

queath unto her), unto each of my children living at my death, other than to my daughter Mary R. Shiebler, 'my son Stephen George Shipley, my daughter Sarah N. Dulaney and my daughter Ruth Peregoy Hood." The testator left surviving him the above-named four children, and also three other children, J. Lester Shipley, Mary B. Choate and Joseph D. Shipley, but no issue of deceased children, and the three last-named children. are provided for in the clause above quoted.

By subsequent clauses in said will one other equal share of said rest and residue was devised and bequeathed "subject to the dower and thirds aforesaid of my said wife" to the said Mercantile Trust and Deposit Company in trust for each of the four children first above named.

In the first codicil to said will, he made the following provision: "Whereas the Mercantile Trust and Deposit Company of Baltimore, will, as trustee, take the several parts of the residue of my estate, subject to the dower and thirds of my wife; if it shall so happen that she is willing to capitalize and convert her dower and thirds, and receive the value thereof according to the standards and valuations recognized by the Courts of equity in Maryland, either before or after the trustee makes the division of the residue of my estate. I authorize the Mercantile Trust and Deposit Company of Baltimore, as trustee, to make the division, or as trustee under said several trusts, to agree with her for such capitalization, and to set apart property real or personal, or both, equal at a valuation to be fixed by said company, with her consent, to her capitalized dower and thirds in such portion, and to assign, convey and deliver the same to her as her absolute property, or I authorize said company to sell any parts of the trust property, and provide money to pay her the said capitalized value of her dower and thirds, or to arrange with her by payment of part in money and part by conveyance of real or personal property, or both, as may be deemed advisable." The bill alleged that no agreement had been effected between the trustee and the widow for the capitalization of her dower and thirds as authorized by said codicil, and "that in order to make any of

the rest and residue of the testator's estate marketable, it was necessary to relieve said rest and residue, from her claim for dower and thirds, by the exercise of said power, or by having the same set off to her in the manner provided by law, which the plaintiffs are advised can be done in these proceedings."

The bill then specifically prayed "that the rest and residue of the estate of the testator may be disembarrassed of the dower and thirds of his widow, the said Ida R. Shipley, either by the exercise of the power conferred upon the Mercantile Trust and Deposit Company of Baltimore for that purpose, or by setting off the same to her as provided by law."

The material part of the answer of Ida R. Shipley to the plaintiffs bill will appear from the following extracts from said answer:

"And in further answer to the said fourth paragraph she says, that it is plain that each share of the rest, residue and remainder of his estate, when divided, shall be conveyed and transferred by the trustee, free, clear and discharged of her dower and thirds unto certain of the children in the said will mentioned; but that he *gives, devises and bequeaths* by his said will in each and every one of the shares of the rest, residue and remainder, the dower and thirds of this respondent, Ida R. Shipley, wife of the testator.  That she claims it is the duty of the trustee and all interested in the said estate, to have a true construction of the said will, as to the meaning of the words 'dower and thirds' of his estate, which words this respondent affirms are often explained to her by her late husband, as meaning one-third of the whole rest, residue and remainder of his estate, and she invokes the action of this Court, most respectfully in that regard.   Moreover she insists, before any other administration of the estate, it is the duty of the trustee to value the said several parts of the residue of the testator's estate, and to capitalize and convey to her said 'dower and thirds,' and to agree with her for such capitalization and to set apart property, real, personal or both, equal, to a valuation to be fixed by said company and with her consent, to her capitalized 'dower and thirds' in said portion, and

to assign, convey and deliver the same to her, as her absolute property, or to make an agreement with her for such capitalized value of her 'dower and thirds' upon the terms set forth in said will."

5th. That in answer to the fifth paragraph no effort has been made to enter into an agreement to pay or satisfy this respondent in regard to the "dower and thirds" claimed under the will of her late husband, for the reason that there has been no offer of an agreement between the trustee and herself in regard to the meaning of words "dower and thirds" in the will, as she understands them.

7th· That this respondent believes that the statement of paragraph seven in regard to persons interested under said will are truly stated in the said bill of complaint. That she assents to the assumption by this Court of jurisdiction over the administration of the trust by the said Mercantile Trust and Deposit Company of Baltimore. That she is ready and willing, when a proper construction is made by this Court of the words in the will of "dower and thirds" to this respondent in the rest and residue of his estate, to consent to the disembarrassment of the rest and residue of the estate of the said testator of the said "dower and thirds" of this respondent. That she denies the right of the trustee to petition for a sale, free of her dower, of the said lots described in the third bill of complaint, because she claims a "dower and thirds" in the whole rest and residue, meaning one absolute third of the whole of said property. And now having answered all the allegations in the bill she prays to be hence dismissed with her reasonable costs, &c.

Ida R. Shipley,<br>Defendant.

The Court assumed jurisdiction over the administration of the trusts by decree reserving for further consideration all other relief sought by the bill.

A subsequent decree was also passed, under an agreement of the parties for the sale of certain portions of the property, and this also reserved for future determination all questions

concerning the manner of relieving the testator's estate from the widow's dower and thirds, and all questions raised by her concerning the true interpretation of the expression, "dower and thirds," employed in the will and codicils.

Testimony was taken in behalf of the widow's contention, and after hearing, JUDGE HARLAN passed the following decree from which this appeal is taken :

*Decree.*

Fd. 27th September, 1905.

This cause coming on for a further hearing was argued by counsel for the respective parties, and the pleadings and evidence and the exceptions filed thereto having been read and considered by this Court :

It is thereupon adjudged, ordered and decreed by the Circuit Court of Baltimore City this 27th day of September, 1905, that all the exceptions filed to the admission in evidence of the testimony of Mary C. Burwell and Ida R. Shipley, filed in this cause be and the same are hereby sustained.

And it is further adjudged, ordered and decreed that by the true construction of the said last will and testament and codicils, the said testator employed the expression "Dower and thirds" in its ordinary technical sense, and that by virtue thereof the said Ida R. Shipley is entitled to an estate for her life, and not absolutely in one-third of all the real estates of inheritance of the testator embraced in the rest and residue of his estate, excepting that described and devised in and by the second item of the third codicil, and the ground rents and reversions mentioned and devised in and by the third item of said third codicil to the said trustee in trust for her for her life; and that she is entitled absolutely to one-third in value of all the personal estate of the testator embraced in the rest and residue of his estate, which shall remain after the payment of his just claims against him, excepting the sub-reversions, stocks and bonds, bequeathed by the third item of the third codicil to the said trustee in trust for her for her life.

And it is further adjudged, ordered and decreed that by the said provision for capitalizing and converting said dower and thirds with the consent of the said Ida R. Shipley, it was the intention of the testator if she should consent to the capitalization and conversion thereof, either before or after the division of the rest and residue of the testator's estate (and if the trustee should determine to exercise the powers conferred upon it in

connection therewith), that the real and personal estate respectively in which she would be entitled to the dower and thirds to be capitalized and converted, should be valued separately by the said · trustee, with her consent, and that she should be entitled to receive as her absolute estate, in lieu of dower in said real estate, not more than one-seventh nor less than one-tenth of the said value of said real estate, according to her age, health and condition ; and that the said trustee should have power to pay to her the capitalized value of her dower, so ascertained, in money or in property, real or personal, or partly in money and partly in property, and if paid to her in whole or in part in property, that said property should be taken by her at a valuation to be agreed upon between her and said trustee, and that she should be entitled to receive, as her absolute property, in satisfaction of her thirds in said personal estate, one-third in value of said personal property to be paid to her in like manner, in money or in property, real or personal, or partly in money and partly in property, and that for the purpose of effecting said capitalization and conversion and payment, the said trustee should have the power to sell and convey free of dower and thirds any of the real and personal estate of the testator in which the said Ida R. Shipley should be entitled to dower and thirds.

Henry D. Harlan.

The cardinal question in the case is the meaning of the words, "dower and thirds" as used by the testator in the 2nd clause of the 7th item of the will, and in the first and third codicils; the appellees claiming that they were employed in their ordinary technical sense, and that Mrs. Shipley was entitled under the terms of the will and codicils to a life estate in one-third of the residuary real estate, and to one-third of the residuary personal estate absolutely, excepting the residuary real and personal estate mentioned in the 2nd and third items of the 3rd codicil; while she claims to be entitled absolutely to the one-third of each of the shares of the residuary estate for division among the seven children.

The rule which governs the construction of wills has been well stated as follows in *Beach on Wills*, sec. 309. "In construing a will the words and expressions used, are to be taken in their ordinary, proper and grammatical sense, unless upon so reading them in connection with the entire will, or upon

applying them to the facts of the case, an ambiguity, or difficulty of construction, in the opinion of the Court, arises, in which case the primary meaning of the words may be modified, extended or abridged.    Notwithstanding the foregoing rule, the intention of the testator which can be collected with reasonable certainty from the entire will, with the aid of extrinsic evidence, *of a kind properly admissible*, must have effect given it, beyond, and even against the literal sense of particular words and expressions."

We regard this rule as stating the legal principles applicable to the construction of wills, as favorably to the argument of the appellant as any law-writer or judge has done, and she has accordingly sought to introduce evidence to sustain her contention as to the meaning of the words in question, as used in this will, Miss Burwell, an intimate friend of Mr. and Mrs. Shipley for many years, testified to conversations with the testator in which he told her how he had provided by his will for his wife ; that he said, "She was to have one-third of everything he possessed, and that he had fixed it so ; and so that I could understand him, he said, if my estate was $9,000, she is to get $3,000 in cash, and if it was $30,000 she would get $10,000 ; that it was all to be capitalized, and she was to have one-third of every thing, and have it in money.

Mrs. Shipley also testified that her husband told her, "One-third of everything.I have is yours, I have made my will to that effect ; the whole estate is to be capitalized and you are to get one-third of the whole estate ; and he used this illustration to me to explain how I got my one-third of the whole estate ; that if it yielded $9,000 when capitalized I was to get $3,000 in money."    Objection was made to the competency of Mrs. Shipley as a witness, and exceptions were filed to the whole of the testimony thus offered from these two witnesses, and these objections were sustained in the decree.

It cannot be doubted since the Act of 1904, Ch. 661 amending sec. 2 of Art. 35 of the Code, that Mrs. Shipley was not a competent witness, the proceeding being one against devisees and distributees of a decedent in which judgment or

decree must be rendered for or against them, and she being a party to the cause not called to testify by any party in the opposing interest.   Nor do we think the evidence of either of these witnesses, consisting as it does solely of the declarations of the testator as to the meaning of the words used in the will, is of a kind properly admissible in any event.   In *Redfield on Wills*, Vol. 1, p. 540 it is said; "The declarations of the testator, whether made before, cotemporaneously with, or subsequent to the making of the will can not be received to affect its construction.   This has been repeatedly decided by the American Courts.   The declarations of the testator after making his will of his purpose and intention therein, are not admissible in evidence to control or explain it."

In *Weston* v. *Forster*, 7 *Metcalf*, 297, the Court said, "This principle is of such universal application and lies so much at the foundation of all rights of property depending upon written evidence that it scarcely seems requisite to multiply cases here."

In *Shreve* v. *Shreve*, 43 Md. 393, extrinsic testimony had been taken under a commission, and was not excepted to in the Court below.   This Court said, "That testimony consists of parol declarations by the testatrix after she had made the will, as to its effect and her intentions in executing it, and like proof as to what interpretation had been placed upon it by the devisees, the Court in the partition case, and the Commissioners who divided the estate."   It was contended that as it was not excepted to, it must be allowed its full force as held in respect to evidence not objected to in *Gibbs* v. *Gale*, 7 Md. 76.   But the Court said through Judge Miller, "all this testimony was clearly inadmissible to affect the construction of the will or the rights of the infant defendants   *   *   *   * and as these do not appear to have been represented by counsel at the taking of the testimony or the hearing of the case when exceptions should have been filed, it would be an unreasonable extension of the doctrine in *Gibbs* v. *Gale* to apply it to this case, and we must therefore construe this will by the light afforded by the paper itself.

In adhering to this rule, we have no reference to that class of cases described in *Walston* v. *White*, 5 Md. 305, in which it was said extrinsic evidence may be resorted to for the purpose of determining the object of a testators bounty, or the subject of disposition, or the physical quantity of interest intended to be given by the will.

But it must be remembered that in no event can extrinsic evidence be resorted to in construing a will, except where upon reading the words questioned in connection with the entire will, or upon applying them to the facts in the case, there arises in the opinion of the Court, an ambiguity or difficulty of construction, and we cannot perceive that any such exists here. The words "dower and thirds," in themselves have each a uniform, established meaning both in law and in common usage; the former meaning a widow's life estate in one-third of the inheritable real estate of which the husband was seized during coverture, and the latter meaning her absolute estate in one-third of her husband's personal property remaining after payment of his debts.    It is needless to cite authorities for these definitions.    In *Underhill & Strahan on Interpretation of Wills*, p. 5, it is laid down "that a testator who uses words which have an intelligible, conventional meaning is not to be held as having used the words with any other meaning, unless the context of the instrument shows that he intended to do so."    We have carefully examined this entire will with a view to discovering any provision or expression sustaining Mrs. Shipley's contention that the testator used these words as convertible terms, and meant thereby one-third absolutely of all the residuary real and personal estate, but we can discover nothing.    On the contrary the natural and ordinary meaning of these words appears to harmonize with the whole context. In disposing of the rest and residue of his estate, he was disposing of both real and personal estate, in the former of which she was entitled to *dower*, and in the latter to *thirds*.    He devises and bequeaths equal shares of this residue to his seven children, to some directly, and to trustees for others, but in all cases, *subject to the dower and thirds of his wife*, that is

subject to her dower in the real estate, and to her thirds in the personal estate. If he had designed to give her one-third absolutely of all his real and personal estate, would he not naturally and inevitably have devised and bequeathed to her one-third of his whole estate, and then have devised and bequeathed the remaining two-thirds to his children? Would any lawyer, or would any layman even, with such a design, have resorted to such a circuitous and clumsy device for effecting so simple and plain a purpose? Looking to the will alone we think there can be no doubt that he used the words "dower and thirds" in their ordinary technical sense. Coming to the provision made in the first codicil for the capitalizing and converting of her dower and thirds so as to receive the value thereof according to the standards recognized by Courts of equity in Maryland, the view which we have expressed is strengthened and confirmed. If she was to have one-third absolutely of both real and personal, there would be nothing to capitalize or convert; nothing to which the standards of valuation recognized by Courts of equity could be applied, or upon which any agreement as to valuation, between herself and the trustee, could operate. But if she was to have the technical dower and thirds, the will and codicil are in harmony in these provisions; and there is opportunity for capitalizing, for the application of equity standards of valuation of dower, and for the conversion of a larger limited, into a smaller, absolute estate. Finally in the third codicil, in repeating the provision for his wife, the testator says, "The shares of the said residue to be divided after my death, *during the life time* of my wife shall all be subject to her dower and thirds as stated in said will." This is the last declaration of the testator upon that subject, and there can be no mistake as to its import. We therefore fully agree with the lower Court as to the meaning of the words "dower and thirds," and as to the estate taken by Mrs. Shipley under the will.

There remains for consideration that part of the decree which directs "that for the purpose of effecting said capitalization and conversion and payment, the said trustee should

have the power to sell and convey free of dower and thirds any of the real and personal estate of the testator in which Mrs. Shipley should be entitled to dower and thirds."

In her answer to the bill she assents to assumption by the Court of jurisdiction over the administration of the trusts by the Mercantile Trust and Deposit Company.   She also declares her readiness and willingness when a proper construction is made by the Court of the words "dower and thirds", to consent to the disembarrassment of the residue of the estate from her dower and thirds, though she alleges no effort has been made to enter into any agreement to pay or satisfy her in regard thereto, and she expressly denies the right of the trustee to petition for a sale free of her dower in the lots described in the bill of complaint.

The argument for the appellant upon this branch of the case we think is founded upon the assumption that the bill prays for a sale free of dower, without her consent, and that the decree authorises such a sale, but this we think is not the true construction of the bill or of the decree.   If it were, we could not hesitate to hold that a widow cannot be deprived, by any direction of the testator who has devised his estates to others, subject to her dower, nor by any decree of Court, of the right to have her dower assigned, if she elects to exercise her right.   Neither her consent to the assumption of jurisdiction over the administration of the trusts, nor her declaration of her willingness to free the residue from her dower after the construction of the words "dower and thirds" can be regarded as a waiver of her right to have her dower assigned, if no agreement is in fact made so to free said residue from her dower.   She must be presumed to have referred to the mode provided by the testator for so doing, which requires an agreement by her with the trustee for the valuation of said residue as a basis for capitalization of her dower.   If no such valuation is agreed upon, there can be no capitalization.   A compulsory sale clear of dower might determine the actual *market value* at the time of sale, of the property sold, but that would not be the equivalent of a valuation by her agreement with the trustee.

But it will be seen that .the bill does not pray for a sale clear of dower without her consent. The prayer is ''that the rest and residue of the estate of the said testator may be disembarrassed of the dower and thirds of his widow, the said Ida R. Shipley, either by the exercise of the power conferred upon your orator, the Mercantile Deposit and Trust Company of Baltimore for that purpose, or by setting off the same to her as provided by law.''

We think the trustee had a right, in event of a failure to free the residue from dower by agreement in the mode provided in the will, to pray that it be done by the assignment of dower. It is stated in *Park on Dower*, 265, that the propositions are indeed convertible, that against whomsoever a writ of dower will lie, that person is competent to make a valid assignment, or in other words whoever is compellable by writ to assign dower, may do it without writ.''

We are also of the opinion that the testator left the disembarrassment of the estate from his widow's dower in the mode provided by his will to the discretion of the trustee as to the best interests of its *cestui qui trusts* and that there was no error in that portion of the decree which refers to its discretion to exercise the powers conferred upon it in that connection.

Finding no error in any part of the decree it will be affirmed.

> *Decree affirmed.   Costs to be paid
> out of the trust estate.*

(Decided, January 10th, 1906.)