E. C. JORDAN BIRD *v.* AMELIA E. BIRD, Executrix.
[No. 2, October Term, 1933.]

*Decided November 9th, 1933.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*J. Cookman Boyd* and *J. Cookman Boyd, Jr.,* for the appellant.

*Julius H. Wyman* and *Jacob S. New,* for the appellee.

PATTISON, J., delivered the opinion of the Court.

On March 30th, 1926, Claudius H. Bird, deceased, and his wife, Amelia E. Bird, executed their respective wills. The wills were placed in a sealed envelope and deposited in a safe deposit box held in their joint names at the Drovers' & Mechanics' branch of the Maryland Trust Company, and there they remained in that condition until Claudius Bird's will was removed by Amelia Bird, his executrix, on July 2nd, 1931, after the death of Claudius Bird on June 29th, 1931.

On July 6th, 1931, the will of Claudius Bird was admitted to probate. On November 18th, 1931, a caveat was filed thereto on the ground that such will had been revoked by a later will executed by Claudius Bird. The only issue sent to the Baltimore City Court for trial was: "Whether the paper writing dated the 30th day of March, 1926, and purporting to be the last Will and Testament of Claudius H. Bird, deceased, was revoked after the making and execution thereof?"

The case was heard upon this issue, and, at the conclusion of all the evidence, the jury was instructed that there is no evidence in the case legally sufficient to entitle the plaintiff to a verdict on the issue presented, and that its verdict must be for the defendant, and its answer to that issue must be "No." It is from that ruling that the appeal to this court was taken.

Before considering the evidence offered with the view of determining its legal sufficiency as tending to establish the

fact that the will of March 30th, 1926, was revoked by the testator, we will inquire as to the law applicable to the revocation of wills and how they may be revoked.

The Act of 1884, chapter 293, section 302, now section 333 of article 93 of the Code of Public General Laws of this state, provides that: "No will in writing devising lands, tenements or hereditaments, or bequeathing any goods, chattels or personal property of any kind, as heretofore decribed, nor any clause thereof, shall be revocable otherwise than by some other will or codicil in writing, or other writing declaring the same, or by burning, cancelling, tearing or obliterating the same, by the testator himself or in his presence, and by his direction and consent; but all devises and bequests so made shall remain and continue in force until the same be destroyed by burning, cancelling, tearing or obliterating the same by the testator or by his direction, in manner aforesaid, unless the same be altered by some other will or codicil in writing or other writing of the devisor signed as hereinbefore said in the presence of two or more witnesses declaring the same."

By the above provisions of the statute, the will of Claudius Bird remained and continued in force until destroyed by "burning, cancelling, tearing or obliterating the same by the testator or by his direction," unless revoked by "some other will or codicil in writing or other writing of the devisor signed * * * in the presence of two or more witnesses declaring the same."

In addition to the above statutory methods of revoking wills, there may also be an implied revocation, as it is termed, resulting in an alteration of the estate of the testator between the time when the will is executed and when it goes into effect. *Krieg v. McComas,* 126 Md. 382, 95 A. 68. But this method of revocation is in no sense involved in this case.

The claim of the caveator, the appellant in this court, is not that the will of March 30th, 1926, was destroyed, but that it was revoked by a later will which he claims was destroyed by the wife, Amelia Bird, with the knowledge and

in the presence of the testator. We are therefore only to consider the evidence submitted with the view of determining whether it is legally sufficient as tending to show that a subsequent will was executed by Claudius Bird, deceased, of the character and of the formalities required, which was later destroyed, under facts and circumstances which had the effect of revoking the will of March 30th, 1926.

The caveator or appellant, in the attempted establishment of the existence of the will which is claimed to have revoked the will of March 30th, 1926, relies exclusively upon the declarations of the testator made to different persons that he had made a will subsequent to the one of March 30th, 1926, which was thereafter either destroyed by his wife with his knowledge and in his presence or by himself because of her objection to the disposition of his property and estate thereunder, and which revoked the earlier will.

There is not a single witness who testified that he or she ever saw the alleged later will or who personally knew of its existence or of its contents. The sole evidence of the witnesses offered was to the effect that they were told by Claudius Bird, the testator, that he had made a will revoking the former will and that it was destroyed in the manner above stated. Whether that will was made in conformity with the provisions of the statute in relation to the proper execution and attestation of wills is not shown, nor is there any evidence offered tending to show the same.

The mere declarations of Claudius Bird, which were admitted in this case, that he had made such later will, in the absence of any evidence showing that it was so made by him, and that it conformed to the regulations of the statute giving to it the effect of revoking an earlier will, if admissible, were not legally sufficient to carry the case to the jury on the issue presented, as was held by the court below. *Wittman v. Goodhand,* 26 Md. 95; *Sewell v. Slingluff,* 57 Md. 548, 549; *Hoppe v. Byers,* 60 Md. 388; *Lowe v. Whitridge,* 105 Md. 190, 191, 65 A. 926; 1 *Underhill on Wills,* sec. 274, page 374; *Hunter v. Baker,* 154 Md. 307, 141 A. 368.

As stated in *Hoppe v. Byers, supra,* Judge Miller said: "Neither the execution nor the revocation of a will can be proved by the mere parol declarations of the alleged testator that he had made, or destroyed it, for that would be in direct conflict with the requirements of the statute on these subjects."

It is also said in 1 *Underhill on Wills, supra,* that: "The statute, which requires that the execution of the will shall be proved by the testimony of subscribing witnesses or other competent evidence, is applicable to lost or destroyed wills as well as those which are producible at the probate. Hence, ordinarily, the fact of the execution of a will which is lost cannot be proved by showing that the testator, subsequently to the date upon which it is alleged to have been executed, asserted that he had made such will."

It would be a dangerous practice to hold that a duly executed and attested will in existence at the death of the testator was or could be revoked by the declarations of the testator made to different persons after the execution of the existing will, that he had executed a subsequent will revoking the earlier one, which subsequent will was thereafter destroyed, without any evidence of its proper execution and attestation or of its contents and existence.

There are a number of exceptions to the evidence. All of these we have examined and considered. From the state of the record in relation to the required proof, which is not found therein, as already stated, we discover certainly no reversible error in any of the rulings upon the evidence.

The rulings of the court will therefore be affirmed.

*Rulings affirmed.*