# AUGUSTA (GUSSIE) GARNER *v.* DANIEL GARNER ET AL.

[No. 7, October Term, 1934.]

*Decided July 6th, 1934.*

424

The cause, having been advanced for the purpose of argument to the April Term, was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Raphael Walter* and *V. Calvin Trice,* with whom were *Joseph Stein and Sykes; Nyburg, Goldman & Walter,* on the brief, for the appellant.

*Wirt A. Duvall, Jr.,* and *Philip B. Perlman,* with whom was *Emerson C. Harrington, Jr.,* on the brief, for the appelees.

BOND, C. J., delivered the opinion of the Court.

The appeal is by a caveatee of a will from the action of the Orphans' Court in settling issues to be tried in a court of law. Issues requested by the appellees, the caveators, were allowed, while issues requested by the appellant were not.

Isaac Garner, late of Dorchester County, in due form executed a will in the year 1919, and another, also in due form, in 1933, and in both, his widow, Augusta, or Gussie, Garner, appears named as sole legatee and executrix. The second will contained no clause of express revocation of the first. There were no children. A brother of the decedent, and children of a deceased brother, now the appellees, filed the caveat to the second will when it was offered for probate on June 6th, 1933, and it has not been probated. The petition filed at that time attacked the will on all of the grounds usually advanced, those of lack of valid execution, lack of testamentary capacity in the testator, procurement of the will by undue influence and fraud of the legatee named, and lack of knowledge by the testator of the contents of the instrument; and issues were prayed for trial of all these grounds by a jury.

After an answer by the caveatee, and joinder of issue on the case so opened, the caveators, and appellees, filed a second petition presenting a more restricted attack. It was now alleged that in the year 1933, Garner, the decedent, took his previous will from his safe deposit box

with the purpose of making a new will, by which he intended to revoke the previous one, and, after some charitable bequests, to bequeath one-half of the residue of his property to his widow and one-half to the caveators and appellees, that he fell ill, and while he was ill his wife fraudulently procured his execution of the will as now offered for probate, again bequeathing all the property to her alone. The testator, it is alleged, could not read or write English, and the contents of the paper were not read to him, he was fraudulently led to believe he was executing a new, altered will as he intended, and to the witnesses the wife explained that he was republishing the old will. On these facts, it is contended, the second will represented the decedent's intention only in so far as it revoked the earlier will, and in respect to the disposition embodied in it was contrary to his intention. Two issues were prayed and granted for trial of these grounds of attack:

"1st. Was the paper writing dated February 23rd, 1933, in so far as it purports to make testamentary disposition of the estate of Isaac Garner, procured by fraud exercised and practiced upon the said Isaac Garner?

"2nd. Did Isaac Garner, by the paper writing dated February 23rd, 1933, revoke all wills and testaments which may have been executed by him prior to said date, and especially the paper writing purporting to be his will and testament and dated January 3rd, 1919?"

The widow filed exceptions to the new petition, which were overruled, and then filed an answer and petition of her own, which prayed that issues be sent to the court of law on her behalf for trial of all the grounds of attack presented in the caveators' first petition. Those issues were denied. The appeal is from the overruling of the exceptions to the caveators' second petition, as well as from the settling of the issues as stated.

This court is of opinion that both of the issues submitted by the caveators should have been disallowed. The first seems to require the jury to make an unsubstantial, if not impossible, distinction between the disposition in

the will and the execution of it. The gift in it to the wife was the only one made, and if that should be avoided for fraud the whole will would be avoided. Execution of the will could be no more than an authentication of that single gift. Danger of confusion from this might be slight, especially under cautionary instructions by the court to the jury, and perhaps, if there were no other ground of objection to the issue, it might be acceptable as a method of submitting the question of validity of the whole will. But there is another ground. The issue is designed to reserve the formal execution from attack to serve as evidence of revocation of the first will, which is the subject of the second issue, and that second issue, to which the first is subsidiary, cannot be allowed as stated.

Revocation of a will may be effected in only a limited number of ways, *Page, Wills,* sec. 453. This case is not concerned with revocation by subsequent conveyance of the property during life, or ademption otherwise, by change in the testators' domestic relations, or by destruction or mutilation of the paper, and there remains of the method of revocation permitted only that "by some will or codicil in writing, or other writing declaring the same." Code, art. 93, sec. 333. This is a re-enactment in Maryland of the provision of the Statute of Frauds, 29 Car. II, ch. 3. *Eschbach v. Collins,* 61 Md. 478, 502. The required declaration in writing need not be an explicit revocation, or revocation in terms; revocation may within the purview of the statute result, or be implied, from a disposition of the property in a second will inconsistent with that in the first, this being both equivalent to an express revocation of the earlier disposition, and analogous to a conveyance of the property during life, and an ademption of the first gift. *Gardner v. McNeal,* 117 Md. 27, 31. But the subsequent, revoking gift must be in writing; an intention to give proved by parol would be ineffectual. "This statute is imperative in its terms, and no mere verbal declarations of a testator, however strongly expressed, and however earnestly he may wish, or intend so to do, can have any effect upon a will after

execution. It can only be revoked in the manner prescribed by the statute." *Sewell v. Slingluff,* 57 Md. 548. "The intention of a testator is only to be regarded when the law sanctions the means he has adopted to carry it into effect." *Eschbach v. Collins,* 61 Md. 478, 501; *Wittman v. Goodhand,* 26 Md. 95, 106; *Taylor v. Nuttle,* 62 Md. 342, 346; *Lowe v. Whitridge,* 105 Md. 183, 188, 65A. 926; *Comrades v. Heller,* 119 Md. 448, 454, 87A. 28; *Page, Wills,* secs. 418, 431, 433; *In re Robinson* (1930), 2 Ch. 332; *Nixon v. Prince* (1918), 34 L. T. R. 444.

Obviously there is nothing in this second will inconsistent with the disposition in the first; identity in the dispositions is the thing now complained of. There is, therefore, no revocation of the first will necessarily resulting from the writing in the second. And there is no other writing declaring a revocation within the requirements of the statute. The revocation contended for would result only from an intention to be proved by parol evidence. The caveators would prove declarations of the decedent of his purpose, the taking of his first will from his box as a step toward carrying out that purpose, and the fact of an attempt to consummate the purpose in his execution of a form of will foisted upon him. And revocation by such proof the statute clearly prohibits.

Much of the argument has been on a contention that, when from a later will it appears to have been the testator's intention to revoke the earlier one in any event, failure of the disposition in the later will by reason of facts *dehors* the instrument will not detract from the force and effect of that intention so manifested. It is a contention on a principle the applications of which have been the subject of much study and discussion. *Colvin v. Warford,* 20 Md. 357, 391; *Miller, Construction of Wills,* sec. 66; 1 *Schouler, Wills, etc.* (6th Ed.) secs. 612 and 621; 1 *Page, Wills,* sec. 432; 2 *Hare & Wallace, Amer. Leading Cases,* 504; 33 *Harvard Law Review,* 341; 5 *Southern Calif. Law Rev.* 273; 51 *A. L. R.* 675; *Ward v. Van Der Loeff* (1924), A. C. 653. But there is nothing in that principle to relieve of the necessity that

the intention must appear from the writing. And it has not been from the mere fact of execution of any form of will that revocation has sometimes been found to result in that situation, but from an inconsistency between what the executed form has contained, in writing, and the continuation of the first will as that of the testator thereafter, in case his second gift fails. The mere execution does not manifest the intention to revoke. It would indicate nothing with regard to the first will in the contingency unless explained and given character by the parol evidence of intention. And intention to revoke could not be shown by parol, as has been stated.

Parol evidence might, of course, be introduced to establish fraud in procurement of execution of a will, and might cause the avoidance of the will or of some of its dispositions. *Griffith v. Diffenderffer*, 50 Md. 466. But avoidance of a written form of disposition, and installation in its place of another, intended disposition, are different things, which call into play quite different requirements of proof. Only in a writing can a testator's revoking disposition be found, and in the place of an avoided written disposition nothing could be inserted by parol. Compare *Schapiro v. Howard*, 113 Md. 360, 369, 78 A. 58. Other objections to the caveators' issues we need not consider; and there is no need of taking up the caveatee's exceptions to the request for those issues.

The issues tendered by the caveatee were specifically the issues raised by the caveators' first petition, and were in issue between the parties, and there seems to be no valid ground for disallowing them so long as the case stands as it is. The caveators' objection is that the caveatee's motive in submitting these issues is one that cannot be approved, but the statute, art. 93, sec. 264, does not authorize denial of issues on that ground. We find error in the disallowance of the caveatee's issues.

*Order reversed, and case remanded.*