BELLE H. FERSINGER *v.* MARY F. MARTIN, ET AL.

[No. 39, January Term, 1944.]

*Decided March 24, 1944.*

The cause was argued before SLOAN, C. J., DELA-PLAINE, COLLINS, MARBURY, GRASON, and BAILEY, JJ.

*S. Albert Mickler* for the appellant.

*Eldridge Hood Young* for the appellees.

COLLINS, J., delivered the opinion of the Court.

Belle H. Fersinger, appellant, filed in the Circuit Court for Montgomery County a bill of complaint to construe the will of her husband, John Henry Fersinger, and determine the right property and estate of herself, her married daughter, Mary F. Martin, and her minor son, John Henry Fersinger, Jr., the children by her marriage to the said John Henry Fersinger, in the property devised by the deceased in his said will. In her bill she alleged that the will indicates an absolute devise to her without limitation, but as the contention is made by her daughter and for her son that the will devises only a life estate to her, an ambiguity had arisen making it necessary that she ask the court for a construction thereof; that as a result of said ambiguity, she cannot tell with certainty what she takes under said will and is not in a position to exercise her statutory right of renunciation, if she should so desire, nor is she able to perform her duties as executrix, since she cannot tell what the rights of the various parties are under said will. The pertinent parts of the will are as follows:

"First: I give and bequeath to my wife, Belle H. Fersinger, all of my personal property and real estate *to have and to hold as her own during her life time.*

"My personal property consists of various and sundry stocks and bonds, and so forth. My real estate is as follow: * * *

"Should my wife, Belle H. Fersinger, pass away before I do, I will and bequeath all my personal property and real estate to my children, Mary Agnes Fersinger, daughter, and John Henry Fersinger, son, and any other children that may be born to this marriage, share and share alike.

"Second: In the event of the death of both myself and my wife, I hereby name my daughter, Mary Agnes Fersinger, as guardian for my son, John Henry Fersinger, and should any other children be born, she shall be guardian for same.

"Third: I hereby appoint my wife, Belle H. Fersinger, the sole executor of this will, revoking all former Wills by me made." (Italics supplied here.)

After answers filed, a stipulation was filed by the parties to the cause containing the testimony of one Samuel A. Troxell, the draftsman of the will, not an attorney, as to the instructions given him by the testator as to how the will should be drawn and the circumstances surrounding the execution of the will. The testimony of the complainant, Belle H. Fersinger, as to the instructions given the draftsman by the testator and circumstances surrounding the execution of the will, was also contained in the stipulation, the defendants objecting to this testimony by reason of Code, 1939, Art. 35, Sec. 3, that "* * * no party to the cause shall be allowed to testify as to any transaction had with, or statement made by the testator * * *."

The chancellor decreed that the wife, Belle H. Fersinger, received by the will a life interest in his entire estate after the payment of any just claims against the same; and, in regard to the remainder, at the expiration of her said life estate, he died intestate. The wife, Belle

H. Fersinger, appeals to this court from that decree both individually and as executrix, she having been allowed by the chancellor as executrix to be made a party to the proceeding.

The law requires the will to be in writing, to express the testamentary purpose and wish of the testator. It is necessary that the intention of the testator be gathered from the face of the writing or as has often been said "from the four corners of the will." The intention cannot be supplied by extrinsic proof. Where the intention of the testator clearly appears from his words, no extrinsic proof is admissible. Extrinsic evidence should not be admitted to show that the testator meant something different from what his language imports. *Negro Cesar v. Chew,* 7 Gill & J. 127; *Frick v. Frick,* 82 Md. 218, 222, 33 A. 462; *Shipley v. Mercantile Trust & Deposit Co.,* 102 Md. 649, 658, 62 A. 814; *Lowe v. Whitridge,* 105 Md. 183, 188, 65 A. 926; *Schapiro v. Howard,* 113 Md. 360, 368, 369, 78 A. 58, 140 Am.St.Rep. 414; *Cassily v. Devenny,* 168 Md. 443, 449, 177 A. 919. What he meant to say must be gathered from what he did say. *Zimmerman v. Hafer,* 81 Md. 347, 32 A. 316; *Childs' Estate v. Hoagland,* 181 Md. 550, 30 A. 2d 766. The will stands just as he had written it. The general rule is that no expression as to the intention of the testator may be considered for the reason that an oral utterance would not be a compliance with the statutory requirement that the will be in writing. *Miller on Construction of Wills,* Sec. 40; *Darden v. Bright,* 173 Md. 563, 568, 198 A. 431. We cannot resort to extrinsic evidence to ascertain from the draftsman what the testator instructed or intended him to say, nor can we in order to establish the intention of the testator accept his declarations. *Frick v. Frick,* supra; *Shipley v. Mercantile Trust & Deposit Co.,* supra; *Lowe v. Whitridge,* supra. We cannot make a new will for the testator. The inquiry is what did he mean by what he said.

To the general rule that no expression as to the intention of the testator or parol evidence may be considered

is an important limitation where there is a latent ambiguity in the words of the will. *Miller on Construction of Wills,* Sec. 43; *Stokeley v. Gordon,* 8 Md. 496, 507; *Cassilly v. Devenny,* supra; *Darden v. Bright,* supra. The only object and purpose for which extrinsic proof can be admitted properly is to show what is the meaning of his words. *Walston's Lessee v. White,* 5 Md. 297; *Hawman v. Thomas,* 44 Md. 30, 43.

In the instant case the words used by the testator, "I give and bequeath to my wife, Belle H. Fersinger, all of my personal property and real estate, *to have and to hold as her own during her life time"* (Italics supplied here), in the opinion of this court, clearly indicated the character of the estate the testator desired his wife to take under the will. While the testator used the words "to have and to hold as her own", he subsequenly limited and restricted the devise to a life estate only by the use of the words "during her life time." It is a settled rule in the construction of wills that if a testator in one part of his will gives an estate of inheritance or an absolute interest in personalty and subsequently, unequivocally shows that he intends the devisee or legatee to take a life interest only, the prior gift is so restricted. *Pattison v. Farley,* 130 Md. 408, 409, 100 A. 634; *Bradford v. Mackenzie,* 131 Md. 330, 332, 334, 101 A. 774; *Scholtzhauer v. Kummer,* 149 Md. 583, 589, 132 A. 53. In cases of repugnancy where the words and clauses cannot stand together and have effect, the subsequent must prevail as denoting a subsequent intention. *Hollins v. Coonan,* 9 Gill. 62; *Manning v. Thruston,* 59 Md. 218; *Welsh v. Gist,* 101 Md. 606, 610, 61 A. 665; *Pattison v. Farley,* supra; *Carey v. Dykes,* 138 Md. 142, 146, 113 A. 626.

In the case of *Pattison v. Farley,* supra, the testator devised and bequeathed absolutely unto his wife all of his estate, both real and personal, during the term of her natural life, together with all the appurtenances to the said estate belonging, to have and to hold the said estate in her own absolute right for life. The court in

that case held that the wife took a life estate only and not an absolute fee, and at the expiration of her life estate, the testator died intestate. *Carey v. Dykes,* supra, 138 Md. at page 146, 133 A. at page 628; *Scholtzhauer v. Kummer,* supra, 149 Md. at page 589, 132 A. at page 55. The language in the case of *Pattison v. Farley,* supra, and in the case at bar is so similar it leads to no other conclusions than that the chancellor was correct in decreeing that the wife, Belle H. Fersinger, received a life interest in his entire estate after the payment of any just claims, and as to the remainder, at the expiration of her life estate, the testator died intestate.

The words of the will are clear; no latent ambiguity exists; and no extrinsic proof was admissible. Although extrinsic evidence was offered before the chancellor below, which was not excepted to, this court on appeal, in other cases as in this case, has confined itself to the will. *Lowe v. Whitridge,* supra, 105 Md. at page 192, 65 A. at page 929; *Bird v. Bird,* 165 Md. 349, 352, 168 A. 885; *Garner v. Garner,* 167 Md. 423, 426, 427, 173 A. 386. Where the sense in which the words in the will were used is clear, the office of construction is at an end. *Darden v. Bright,* supra, 173 Md. at page 569, 198 A. at page 434.

> *Decree affirmed, costs above and below to be paid from the estate of John H. Fersinger.*