# GLADYS A. MARTIN *v.* W. MEREDITH S. YOUNG ET AL.

[No. 1596, September Term, 1982.]

*Decided July 12, 1983.*

The cause was argued before LISS, GARRITY and GETTY, JJ.

*Cleopatra Campbell* for appellant.

*John M. Robinson,* with whom was *Seymour B. Stern, P.A.* on the brief, for appellees.

GETTY, J., delivered the opinion of the Court.

The single issue presented in this case is whether the trial court erred in granting the Motion for Summary Judgment filed on behalf of W. Meredith S. Young and The Fredericktown Bank and Trust Company, apellees, and failing to grant a similar motion filed on behalf of Gladys A. Martin, the appellant. For the reasons hereinafter set forth, we hold that neither party is entitled to summary judgment, and we reverse and remand for trial.

### THE FACTS

Genevieve T. Fravel, a resident of Frederick County, died on the 28th day of March, 1981. She was eighty-five years of age at the time of her death. On December 30, 1968, Mrs. Fravel executed a Last Will and Testament containing substantial bequests to various relatives, friends and organizations. The remainder of her estate was divided into two charitable remainder trusts and a residuary trust. W. Meredith S. Young and The Fredericktown Bank & Trust Company were named as executors and trustees.

On October 7, 1971, Mrs. Fravel executed a First Codicil deleting several provisions from the original instrument and adding several specific bequests. Included among the latter is the following bequest that is the subject matter of this proceeding:

> 11. I devise the lot of ground and the house thereon which I use as my personal residence at the time of signing this Codicil, located at 12 West 12th Street, Frederick, Maryland, unto GLADYS A. MARTIN (Mrs. Thomas E. Martin) of Walkersville, Maryland, if she survives me and is in my employee (sic) at the time of my death; and if she predeceases me or

is not in my employ at the time of my death, this devise shall lapse.

Thereafter, on July 14, 1976, Mrs. Fravel executed a Power of Attorney naming Fredericktown Bank & Trust Company as Attorney in Fact. Although the bank had the authority, under paragraph eleven of the Power of Attorney, to employ or dismiss "any lawyer, accountant, physician, nurse, agent, clerk, servant or any other person" it did not exercise the power until five days before Mrs. Fravel's death at which time it moved her to a nursing home and advised Mrs. Martin that her services were no longer required. This action precluded Mrs. Martin from satisfying the condition entitling her to the devise of the residence, i.e., that she be in Mrs. Fravel's employ at the time of her death.

Charles F. Trunk, 3rd, Vice President and Trust Officer of Fredericktown Bank & Trust Company stated in a deposition on June 3, 1982, that the decision to move Mrs. Fravel to a nursing home was due to the escalating costs of keeping a full staff in the home. He denied that the bank had any knowledge that Mrs. Martin's dismissal would void the bequest to her.

Mrs. Martin worked for Mrs. Fravel on a full time basis from December 1, 1969, through March 22, 1981. During the last two years of her life, Mrs. Fravel was mentally incompetent and confined to her bed most of the time.

An equity proceeding was filed on behalf of the appellant, Martin, on August 13, 1981, seeking construction of the Last Will and Testament and alleging substantial compliance with the condition precedent. On June 9, 1982, after the depositions of Mrs. Martin, Mr. Young and Mr. Trunk had been completed, the appellant filed a Motion for Summary Judgment.

In responding to the motion, the appellee alleged, alternatively, that the facts and inferences to be drawn therefrom raised serious questions of fact regarding the equities. One clear inference, according to the appellees, was that Mrs. Martin extracted monies from the Fravel household utilizing them for her own benefit.

The case was set for trial on July 2, 1982, and on the morning of trial the appellees filed their Motion for Summary Judgment, pursuant to Md. Rule 610, alleging that where there is no ambiguity in the terms of a Will, the trial court is compelled to apply the "four corners" of the Will to the facts presented. Citing *Wesley Home Inc. v. Mercantile Safe Deposit & Trust Co.,* 265 Md. 185 (1972) and *Fersinger v. Martin,* 183 Md. 135 (1944), the trial court granted appellees' motion; this appeal followed.

## THE LAW

Appellant and appellees agree that the single case in Maryland dealing with a devise or bequest subject to a condition precedent is *Pacholder v. Rosenheim,* 129 Md. 455 (1916).

Mitchell S. Pacholder executed a Will in 1896. He died in 1914. One clause of the decedent's Will provided that his niece, Edith, was to receive $5,000 at the time of her marriage provided that the marriage was with the consent of her surviving parent or parents and provided further that she not marry outside the Jewish faith.

Edith married within her faith, but eloped. Her parents gave their assent after the fact. The court was asked to hold that the subsequent assent of the parents is the substantial equivalent of the antecedent consent so as to constitute compliance with the condition. The court stated that the testimony did not establish that the testator had waived the condition either before the marriage took place or within the two and one half years from the date of the marriage until the testator's death.

In referring to the applicable law, the court cited the general rule as laid down in 40 *Cyc.* 1719 recognizing that marriage conditions require substantial performance unless a waiver occurs. The court then set forth the facts in two American cases,[1] relied upon by the editor of *Cyc.* as author-

---

1. *Collier, Executor v. Slaughter,* 20 Ala. 266 (1852) and *Hogan v. Curtin,* 88 N.Y. 162 (1882) relied on by the editor of *Cyc.*

ity for the substantial compliance doctrine, and concluded that the American cases did not support the doctrine as alleged in *Cyc.*

Three significant differences between *Pacholder* and the present case are readily apparent. First, in *Pacholder* the testator had two years and six months to change the condition if he so desired; in the present case the testatrix had no such opportunity at least during the last two years of her life, due to her physical and mental state. Second, the beneficiary in *Pacholder* wilfully violated the condition; in the present case the beneficiary was precluded from complying with the condition by the actions of the appellees which were beyond her control. Third, *Pacholder* involved specified behavior on the part of the legatee; the present case relates to impossibility of performance.

With regard to the present state of the law in other jurisdictions, the following cases recognize the doctrine of substantial performance: *In Re Bridges Estate,* 253 P 2d 394 (Wash. 1953); *Cantillon v. Walker,* 78 A. 2d 782 (Me. 1951); *Estate of Mollard,* 98 So. 2d 814 (Fla. 1957); *In Re Costolo's Will,* 4 N.Y.S. 2d 665 (N.Y. 1957); *Seeley v. Hicks,* 31 A. 533 (Conn. 1894); *Wooster School Corp. v. Hammerer,* 410 So. 2d 524 (Fla. 1982).

Jurisdictions holding that a bequest lapses upon failure to comply with a condition precedent include: *Traders Nat. Bank of Kansas City v. Levine,* 528 S.W. 2d 497 (Mo. 1975); *Guilliams v. First Nat. Bank of Leesburg,* 229 So. 2d 633, (Fla. 1969). The Florida cases appear to be decided upon a case by case basis or to restrict the doctrine of substantial compliance to cases involving personalty. The overwhelming weight of authority today, unlike the 1916 *Pacholder* holding, seems to recognize the doctrine of substantial performance.

*In Re Mollard,* supra, is factually similar to the present case. In *Mollard* a wife bequeathed $5,000 to her nurse on condition that she was still in the employ of the testatrix at the time of her death. The husband, who was also the executor, discharged the nurse twenty days prior to his wife's

demise. He had a power of attorney, but not specific authority therein to discharge the petitioner. The Florida Court held that it would be unconscionable to permit the fiction that the legacy failed because it was a condition thereof that the legatee be in the employ of the testatrix at the time of her death, thereby permitting the residuary legatee, the husband, to enrich himself by his arbitrary act of discharging the legatee.

The cases cited by the appellees to the effect that intention is to be gleaned from the "four corners" of the will, are abstract statements that have nothing to do with conditions precedent. *Fersinger,* supra, dealt with whether a bequest was of a life estate or an absolute devise without limitation. *Wesley Home,* supra, involved a claim based on operation of law. The court indicated in the latter that the intentions of the testatrix could be determined without resort to extensive examination of the will.

The appellees' suggestion that the trial court, or this court, in rendering judgment, can go no further than to read the employment condition in the Will and the termination letter from an interested party, would most certainly open the door to all types of manipulation of a testator's true intent as well as a legatee's privilege to inherit. Were we to consider the condition in isolation, for example, waiver of the condition by the testator could not be shown. In *Pacholder,* supra, evidence that the parents belatedly forgave their daughter for eloping could not be considered by the court. In *Mollard,* supra, the calculated purpose of the husband in firing his wife's nurse to defeat the bequest would not be considered. The law does not countenance the narrow construction suggested by the appellees.

For centuries courts have recognized that impossibility of performance may modify the legal effect of the breach of a condition in a will. See *Simes,* The Effect of Impossibility Upon Conditions in Wills, 34 Mich. Law Review 909. In order to determine whether a legatee is entitled to take in this situation, it often will be necessary for a court to take into consideration matters extrinsic of the will itself. See 4

*Restatement of the Law of Property,* 2551 Sec. 438. The purpose of such evidence is not to prove that the testator intended something other than what he said. On the contrary, the justification for considering such evidence is that a state of facts has arisen which the testator did not anticipate and for which he consequently failed to provide.

The appellees herein insist that we follow the rule at common law that, before a devise of real property made upon a condition precedent could take effect, the condition had to be performed even though performance was rendered impossible through no fault of the devisee. We decline to do so. The usual American doctrine promulgated by The American Law Institute, is set forth in 4 *Restatement of Property* 2548. The rule applies to devises of real property as well as to bequests of personalty:

> "Sec. 438. Impossibility of performance of the terms of a condition precedent, special limitation, condition subsequent or executory limitation, otherwise valid under the rules stated in Sec. 434-437 excuses from such performance if, and only if, this result is the judicially ascertained intent of the person imposing the restraint.

In ascertaining this intent, certain evidentiary factors must be considered in addition to general rules of construction. The question to be asked, according to the Restatement, "is whether the testator's primary concern was the betterment of the individual or the performance of the condition.

With this abbreviated review of the applicable law, we shall address the single issue raised by this appeal, i.e., was the grant by the trial court of appellees' Motion for Summary Judgment under Md. Rule 610 proper. We hold it was not. In pertinent part the Rule provides:

> 610 d. "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show there is no genuine

> dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ."

An examination of the record discloses that the very issue of substantial performance is questioned by the allegation that Mrs. Martin took undue advantage of her position and used Mrs. Fravel's funds for her own benefit. The issue of the appellees' knowledge of the condition precedent, which they deny, is generated by the appellant's statement that Mr. Young, contrary to his denial of the terms of the codicil, had written several letters to the attorney who prepared the will and codicil and, in the letters, discussed his meetings with Mrs. Fravel concerning the codicil. Factual issues of good faith as to both parties, therefore, are unresolved and can be determined only by a trial on the merits. We shall, therefore, reverse.

> *Judgment reversed, case remanded for trial.*
> *Appellees to pay costs.*